**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Carl Jones, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3-22-cv-50299 |
| | ) | Honorable Ian D. Johnston |
| | ) | Honorable Margaret Schneider |
| | ) | |
| K. E. Ehrke, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**SECOND AMENDED COMPLAINT**

Defendants Ehrke, Paul, Abonce, Goodwin, Reinbolz, Parsons, Klienmaier, David Byrd, the City of DeKalb Police Department, and City of DeKalb (collectively, "Defendants"), by their attorney, Michael Victor, hereby submit the following Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Complaint"):

**PRELIMINARY STATEMENT**

1.     This lawsuit arises from Defendants' unconstitutional use of excessive force and other federal and state civil rights violations. Defendants' conduct was perpetuated while acting under the color of state law and in direct violation of Plaintiff Carl Jones' ("Mr. Jones" or "Plaintiff") constitutional rights guaranteed by the Fourth Amendment to the United States Constitution and the laws of the state of Illinois. This lawsuit seeks damages based upon federal and state civil and constitutional rights violations committed by Defendants, their employees, and or agents.

1

**ANSWER:** Defendants admit that Plaintiff purports to bring a lawsuit that allegedly arises from the use of excessive force and other alleged violations and that Plaintiff seeks damages, but deny the use of excessive force, deny that they committed any violations, and deny that Plaintiff is entitled to damages. Defendants further deny any wrongdoing or misconduct and deny the remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

2.      This case is brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Fourth Amendment to the United States Constitution and under the laws of the State of Illinois. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Defendants admit that Plaintiff purports to bring his case pursuant to the law stated in the first sentence of the paragraph. Defendants admit the remaining allegations contained in this paragraph.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this Complaint occurred in DeKalb County, Illinois.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

## THE PARTIES

4.      Plaintiff Carl Jones is a resident of Dekalb County, Illinois at all relevant times alleged herein.

**ANSWER:** Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

5.      Defendant Officer Ehrke ("Ehrke") was, at all relevant times herein, an officer with the City of DeKalb Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

6.      Defendant Officer Paul ("Paul") was, at all relevant times, an officer with the City of DeKalb Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

7.      Defendant Officer Abonce ("Abonce") was, at all relevant times, an officer with the City of DeKalb Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

8.       Defendant Officer Goodwin ("Goodwin") was, at all relevant times, an officer with the City of DeKalb Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

9.      Defendant Officer Reinbolz ("Reinbolz") was, at all relevant times, an officer with the City of DeKalb Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

10.     Defendant Officer Parsons ("Parsons") was, at all relevant times, an officer with the City of DeKalb Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

11.     Defendant Officer Kleinmaier ("Kleinmaier") was, at all relevant times, an officer with the City of DeKalb Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

12.     Defendant David Byrd ("Byrd") was, at all relevant times herein, the Chief of Police for the City of DeKalb Police Department and is named in his official capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

13.     Defendant City of DeKalb Police Department ("CDPD") was, at all times alleged herein, responsible for the training and supervision of its officers.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

14.     Defendant the City of DeKalb ("City") is a municipal corporation which operates pursuant to the laws and Constitution of the State of Illinois, and is a corporation capable of suing and being sued.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

15.     Defendant John Does 1 – 45 were, at all times relevant herein, employees, agents, or otherwise of Defendant CDPD who, in turn and at all relevant times, had administrative responsibility for investigating complaints of misconduct and training all employees of the CDPD as well as supervising medical personal and training of officers and deputies of the CDPD. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

**ANSWER:** "John Does 1-45" are not proper parties or defendants; therefore, Defendants deny the allegations contained in this paragraph.

## ALLEGATIONS COMMON TO ALL COUNTS

16.     On June 2, 2022, Jones was at or near an area close to Northern Illinois University when he was approached by certain Defendants.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

17.     Then and there, and after Mr. Jones was pinned forcefully to a cement floor, Defendant Kleinmaier deployed his taser on Plaintiff multiple times, who had been forcefully and excessively tackled to the ground by Defendant Parsons.

**ANSWER:** Defendants admit that a taser was used. Defendants deny that any conduct was forceful and excessive. Defendants deny the characterization of the restraint of Mr. Jones and therefore deny the remaining allegations contained in this paragraph.

18.     Plaintiff was tackled onto a concrete landing of a two-story building leading to injuries to Plaintiff's face, shoulder, knees and chest from the excessive force used by Defendants.

**ANSWER:** Defendants lack sufficient information or knowledge to admit or deny the allegations surrounding the Plaintiff's injuries. Defendants deny that excessive force was used by Defendants. Defendants deny the characterization of the remaining allegations contained in this paragraph; and therefore, deny the remaining allegations contained in this paragraph.

19.     After being subdued and pinned forcefully to the ground, Plaintiff was handcuffed by Defendants, unaware of the fact that a cord from one of Defendant's earpiece was tangled with Plaintiff's hand. During this time, Plaintiff made numerous pleas to reduce the pressure of the handcuffs as they were so tight as to cause severe pain to Plaintiff's wrists, which at one point, went numb from pain.

**ANSWER:** Defendants admit that Plaintiff was handcuffed. Defendants deny the characterization of the remaining allegations contained in this paragraph, and therefore, deny the remaining allegations contained in this paragraph.

20.     During this time, Defendants continued to apply excessive force to Plaintiff's back and legs with their full body weight, including additional deployment of Kleinmaier's taser to multiple areas of Plaintiff's body. At each deployment, Plaintiff screamed in pain without an ability to move and the additional shocks from the taser were unreasonable in light of the circumstances.

**ANSWER:** Defendants deny that the use of force was excessive or unreasonable; and therefore, deny the allegations contained in this paragraph.

21.     The intensity of the taser caused Plaintiff severe pain during the incident and that pain continues to this day.

**ANSWER:** Defendants lack sufficient information or knowledge to admit or deny the allegations contained in this paragraph.

22.     All other Defendants failed to intervene or offer Mr. Jones any aid during the violation of his rights. Instead, John Does 1 – 45 simply watched on as Defendants inflicted severe pain and excessive force upon Mr. Jones.

**ANSWER:** Defendants deny the allegations contained in the paragraph. Answering further, "John Does 1-45" are not proper parties or defendants.

23.     Due to an earlier incident with another citizen in the area, Jones was exhausted and unable to move on his own and struggled to inform Defendants that he was unable to breathe.

**ANSWER:** Defendants lack sufficient information or knowledge to admit or deny the allegations contained in this paragraph.

24.     After gaining consciousness, Jones noticed multiple other officers and deputies had arrived at the scene and that his personal belongings had been removed from his person.

**ANSWER:** Denied.

25.     Defendants did not provide any medical care or see to it that Mr. Jones was seen by a medical professional in light of the incident.

**ANSWER:** Denied.

26.     To this day, Mr. Jones continues to suffer nerve problems and, despite numerous requests to CDPD and jail staff, has been denied access to see a medical professional in connection with the lingering effects of the repeated and excessive use of the taser on Mr. Jones. Indeed, Plaintiff has been provided with certain medication to address the damage to his nerves, and, because his pain has unfortunately not improved, Defendants, or someone acting on their behalf, increased the dosage of this medication for Mr. Jones' injury and pain. Mr. Jones also suffers from numbness in his left hand, muscle spasms and twitches throughout his body and, at times, numbness to the entire left side of his body.

**ANSWER:** Denied.

27.     Upon information and belief, Defendant Byrd, as Chief of Police for the CDPD, provides training and promulgates policies relative to responses to incidents and the arrest and custody of individuals and promulgated those policies and procedures to Defendants before June 2, 2022.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

**COUNT I – Violation of Civil Rights (Section 1983)**
**Fourth Amendment – Use of Excessive Force**
**Against Kleinmaier, Goodwin, Abonce, Paul, Parsons, and Does 1 – 45**
**John Does 1-45 are not proper parties or defendants; and therefore, make no answer to each count of the Complaint.**

28.     Mr. Jones incorporates and realleges Paragraphs 1 – 27 for Paragraph 28 as if fully set forth herein.

**ANSWER:** Defendants reallege and restate the answers to paragraphs 1-27 as and for paragraph 28 of this Count I as though fully set forth herein.

29.     As described above, Defendants used excessive force that was objectively unreasonable against Mr. Jones on June 2, 2022, without provocation and without legitimate

penal justification, and all other named Defendants failed to stop the unprovoked and unjustified excessive use of force against Mr. Jones.

**ANSWER:** Denied.

30.     While applying this excessive use of force through multiple deployments of the taser to multiple areas of Plaintiff's body, Defendants acted without good faith under the color of state law violated the constitutional rights guaranteed to Mr. Jones by the Fourth Amendment of the United States Constitution.

**ANSWER:** Denied.

31.     The Fourth Amendment of the United States Constitution protects Mr. Jones, like any other citizen, from the use of excessive force.

**ANSWER:** The allegations contained in this paragraph are legal conclusions, or contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the use of excessive force or any violation of the Fourth Amendment; and therefore, deny the allegations contained in this paragraph.

32.     Defendants' actions were performed under color of state law.

**ANSWER:**  Defendants admit the allegations contained in this paragraph.

33.     Defendants' actions were unnecessary, unreasonable, unlawful, and unjustified.

**ANSWER:** Denied.

34.     As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, nerve damage, mental anguish, embarrassment, humiliation, and physical pain and suffering.

8

**ANSWER:** Denied.

Defendants Kleinmaier, Goodwin, Abonce, Paul, and Parsons request that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, grant them costs, and any other relief deemed appropriate or reasonable.

**COUNT II – Violation of Civil Rights (Section 1983)**
**Fourth Amendment – Failure to Intervene**
**Against Erhke, Paul, Abonce, Goodwin, Reinbolz, Parsons, Kleinmaier, and Does 1 – 45**
**John Does 1-45 are not proper parties or defendants; and therefore, make no answer to each count of the Complaint.**

35.     Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 – 34 for Paragraph 35 as if fully set forth herein.

**ANSWER:** Defendants reallege and restate the answers to paragraphs 1-34 as and for paragraph 35 of this Count II as though fully set forth herein.

36.     Defendants, individually and collectively, had a duty to intervene when other Defendants, including John Does 1 – 45, violated Mr. Jones' constitutional rights, which resulted in the infliction of excessive force upon Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Answering further, Defendants admit only to those duties imposed on them by law and specifically deny any violation of same.

37.     Each Defendant observed and/or had reason to know that excessive force was being inflicted upon Plaintiff without legitimate goal or justification and had the opportunity and means to prevent the excessive use of force and/or violations of Plaintiff's constitutional rights.

**ANSWER:** Denied.

38.     An officer is liable under Section 1983 for failure to intervene to prevent other law enforcement officers from infringing upon a citizen's constitutional rights if the officer had

reason to know "(1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement officer, *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Littrell v. Gulbrantson*, No. 15 CV 50011, 2018 WL 2933664, at *10 (N.D. Ill. June 12, 2018).

**ANSWER:** The allegations contained in this paragraph are legal conclusions, or contain legal conclusions, to which no response is required. Answering further, Defendants admit only to those duties imposed on them by law and specifically deny any violation of same.

39.     Defendants failed to intervene while Mr. Jones' constitutional rights were being violated and had the opportunity to intervene so as to prevent further harm to Mr. Jones.

**ANSWER:** Denied.

40.     As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, nerve issues, embarrassment, humiliation, and physical pain and suffering.

**ANSWER:** Denied.

Defendants Ehrke, Paul, Abonce, Goodwin, Reinbolz, Parsons, and Kleinmaier request that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, grant them costs, and any other relief deemed appropriate or reasonable.

**Count III – Violation of Civil Rights (Section 1983)**
***Monell* Liability – Unconstitutional Policy, Custom, or Procedure**
**Against the City, CDPD and Byrd**
**Purported Defendant CDPD is not a suable entity as it is merely a department of the City of DeKalb and does not have a separate legal existence.**

10

41.     Plaintiff incorporates and realleges Paragraphs 1 – 40 for Paragraph 41 as if fully set forth herein.

**ANSWER:** Defendants reallege and restate the answers to paragraphs 1-40 as and for paragraph 41 of this Count III as though fully set forth herein.

42.     CDPD is a law enforcement agency in the City of DeKalb, DeKalb County, Illinois.

   **ANSWER:** Defendants admit the allegations contained in this paragraph.

43.     Byrd is the Chief of Police and, with the City, serves as a "policymaker" of that law enforcement agency. At all times relevant, Defendants' policies were the driving force leading to the violation of Mr. Jones' constitutional rights. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 306 (7th Cir. 2010).

**ANSWER:** The allegations contained in this paragraph are legal conclusions, or contain legal conclusions, to which no response is required. Answering further, Defendants admit only to those duties imposed on them by law and specifically deny any violation of same.

44.     Municipal liability can attach under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for even a single decision made by a final policymaker in certain circumstances, regardless of whether or not the action is taken once or repeatedly. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). If an authorized policymaker approves a subordinate's decision and the basis for it, such ratification would be chargeable to the municipality under *Monell*. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

**ANSWER:** The allegations contained in this paragraph are legal conclusions, or contain legal conclusions, to which no response is required. Answering further, Defendants admit only to those duties imposed on them by law and specifically deny any violation of same.

45.     Byrd, as the Chief of Police of the CDPD, has a custom, pattern, practice and procedure of training, supervising and implementing policies as it relates to the arrest and detention of citizens.

**ANSWER:** Defendants admit that the Chief of Police of the CDPD trains, supervises, and implements policies as it relates to the arrest and detention of citizens. The remainder of the allegations contained in this paragraph are legal conclusions, or contain legal conclusions, to which no response is required.

46.     Upon information and belief, the CDPD has a systemic pattern and practice of violating citizens' constitutional rights through the continued implementation of unconstitutional policies and procedures. The policies include the (i) use of force, (ii) application of handcuffs, (iii) deployment of a taser; (iv) duty to intervene; (v) duty to render aid or medical attention; and (vi) other conduct violations.

**ANSWER:**  Denied.

47.     Plaintiff is informed, believes, and thereupon alleges that the policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendants, by and through their decision-makers.

**ANSWER:** Denied.

48.     The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff.

**ANSWER:** Denied.

49.     Plaintiff specifically alleges that Defendants' policy, custom, practices, and procedures, as described herein, were within Defendants' control and with the feasibility of Defendants to alter, adjust, correct or modify so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

**ANSWER:** Denied.

50.     As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, nerve issues, embarrassment, humiliation, and physical pain and suffering.

**ANSWER:** Denied.

51.     Pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), the CDPD, through its policymaker, Byrd, are liable for the harms and losses sustained by Plaintiff.

**ANSWER:** The allegations contained in this paragraph are legal conclusions, or contain legal conclusions, to which no response is required. Answering further, Defendants admit only to those duties imposed on them by law and specifically deny any violation of same.

Defendants City of DeKalb and David Byrd request that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, grant them costs, and any other relief deemed appropriate or reasonable.

**COUNT IV – Violation of Civil Rights (Section 1983)**
***City of Canton* Liability – Failure to Train and Supervise**
**Against CDPD and Byrd**

Purported Defendant CDPD is not a suable entity as it is merely a department of the City of DeKalb, which does not have a separate legal existence.

52. Plaintiff incorporates and realleges Paragraphs 1 – 51 for Paragraph 52 as if fully set forth herein.

**ANSWER:** Defendants reallege and restate the answers to paragraphs 1-51 as and for paragraph 52 of this Count IV as though fully set forth herein.

53. Defendants violated Plaintiff's constitutional rights, as alleged herein by creating and maintaining unconstitutional practices relating to:

      a. A failure to adequately train and supervise employees, officers, managers, and supervisors within the CDPD as to the legal requirements and protections applicable to persons as set forth in the United States Constitution and laws of the State of Illinois.

      b. Defendants' actions complained of herein reflect a deliberate indifference to Plaintiff's rights and a failure to adequately train and supervise employees and officers relative to detaining individuals, arrest, use of force and application of restraints. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011).

**ANSWER:** Denied.

54. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff and, in circumstances present here, liability under Section 1983 may attach. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989).

**ANSWER:** Denied.

55. If Defendants had been properly trained, Mr. Jones would not have suffered any injury or violation of his constitutional rights.

**ANSWER:** Denied.

Defendants City of DeKalb and David Byrd request that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, grant them costs, and any other relief deemed appropriate or reasonable.

## **COUNT V – Intentional Infliction of Emotional Distress**
### **Against All Defendants**

56.     Plaintiff incorporates and realleges Paragraphs 1 – 55 for Paragraph 56 as if fully set forth herein.

**ANSWER:** Defendants reallege and restate the answers to paragraphs 1-55 as and for paragraph 56 of this Count V as though fully set forth herein.

57.     As described above, Defendants' conduct was extreme and outrageous, including, without limitation, the use of excessive force against Mr. Jones without provocation or justification, forcing Mr. Jones to suffer harm.

**ANSWER:** Denied.

58.     Defendants either intended to inflict emotional distress upon Mr. Jones when engaging in this conduct, or knew that there was a high probability that such conduct would result in such distress and acted with deliberate indifference to that knowledge.

**ANSWER:** Denied.

59.     Defendants' conduct caused Mr. Jones to suffer severe emotional distress that no reasonable person could be expected to endure.

**ANSWER:** Denied.

Defendants request that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, grant them costs, and any other relief deemed appropriate or reasonable.

## **COUNTY VI – Failure to Render Medical Aid and Deliberate Indifference to Medical Needs**
### **Against All Defendants**

60.     Plaintiff incorporates and realleges Paragraphs 1-59 for Paragraph 60 as if fully set forth herein.

15

**ANSWER:** Defendants reallege and restate the answers to paragraphs 1-59 as and for paragraph 60 of this Count VI as though fully set forth herein.

61.     As described herein, Defendants used excessive force against Mr. Jones on June 2, 2022, including multiple deployments of a taser on Mr. Jones who was unable to move or flee because other Defendants pinned him to the cement ground by their knees.

**ANSWER:** Denied.

62.     During the incident, Defendants failed to intervene and stop the unprovoked and unjustified excessive use of force against Mr. Jones.

**ANSWER:** Denied.

63.     As described herein, Defendants failed to ensure that Mr. Jones received prompt and adequate medical care subsequent to his interaction with Defendants on June 2, 2022.

**ANSWER:** Denied.

64.     Defendants' actions exhibited a deliberate indifference to Jones' medical needs, were performed under the color of state law and violated Mr. Jones' rights under the U.S. Constitution.

**ANSWER:** Denied.

65.     Since the incident, Plaintiff has made and continues to make numerous requests to CDPD jail staff to be seen by a medical professional as it relates to his nerve issues, but to no avail.

**ANSWER:** Denied.

66.     The nurse within the infirmary has prescribed Mr. Jones nerve medication to address Mr. Jones' complaints relating to nerve damage suffered as a result of Defendants' excessive force. Because Mr. Jones' issues persist, the nurse doubled Mr. Jones' dosage. It is

unknown whether Mr. Jones will require this medication for the rest of his life because he has not been properly treated for his injuries while in the custody of the CDPD and jail staff.

**ANSWER:** Defendants lack sufficient information or knowledge to admit or deny the allegations surrounding the Plaintiff's alleged medical issues.

67.     As a direct and proximate cause of Defendants' actions, Mr. Jones continues to suffer extreme hardship, including nerve issues for which Defendants continue to deny Mr. Jones the ability to be seen and treated by an appropriate medical professional. As alleged herein, Defendants have only prescribed a certain nerve medication at an increased dosage level to Mr. Jones. No other medical aid was or has been provided to Mr. Jones relative to the damages he suffered as a result of Defendants' conduct on June 2, 2022.

**ANSWER:** Defendants lack sufficient information or knowledge to admit or deny the allegations surrounding the Plaintiff's alleged medical issues and treatment.

Defendants request that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, grant them costs, and any other relief deemed appropriate or reasonable.

## AFFIRMATIVE DEFENSES

Defendants Ehrke, Paul, Abonce, Goodwin, Reinbolz, Parsons and Kleinmaier, Byrd, City of DeKalb Police Department, and the City of DeKalb, for their affirmative defenses to the Second Amended Complaint of Plaintiff Carl Jones state as follows:

### First Affirmative Defense
### (Qualified Immunity)

1.     Defendants Ehrke, Paul, Abonce, Goodwin, Reinbolz, Parsons and Kleinmaier, are all entitled to qualified immunity because they did not violate Plaintiff's federal or Constitutional rights and did not violate any clearly established law or right of which a reasonable person would have known.

17

**Second Affirmative Defense**
**(Non-suable entity)**

2.     Defendant City of DeKalb Police Department is not a suable entity, but merely a department of the City of DeKalb, which does not have a separate legal existence. *See generally Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001).

3.     Due to its status as a department of the City of DeKalb, Defendant City of DeKalb Police Department should be dismissed with prejudice.

***Affirmative Defenses Specific and Applicable to***
***Plaintiff's Illinois State Law Claims in Counts V-VI***

**Third Affirmative Defense**
**(745 ILCS 10/2-201)**

4.     Plaintiff alleges he was injured as set forth in the Complaint ("Complaint").

5.     That at the time of the occurrence, the City of DeKalb ("Defendant City") was a "local public entity" as defined in 745 ILCS 10/1-206.

6.     That at the time of the occurrence, all other Defendants were "public employees" as defined in 745 ILCS 10/1-207.

7.     That 745 ILCS 10/2-201 provides as follows:

"Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

8.     The actual allegations of conduct as set forth by Plaintiff in the Complaint involved a determination of policy or exercise of discretion; therefore, Defendants are entitled to absolute immunity. 745 ILCS 10/2-201.

**Fourth Affirmative Defense**
**(745 ILCS 10/2-109)**

9.     That at the time of the occurrence, Defendant City was a "local public entity" as defined in 745 ILCS 10/1-206.

10.     That at the time of the occurrence, all other defendants were "employees" as defined in 745 ILCS 1-202.

11.     The Illinois Tort Immunity Act notes that a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

12.     Defendant Officers are not liable for the state law claims made in the Complaint.

13.     Consequently, the City of DeKalb cannot be held liable.

**Fifth Affirmative Defense**
**(745 ILCS 10/2-202)**

14.     Plaintiff alleges he was injured as set forth in the Complaint.

15.     That at the time of the occurrence, all Defendants aside from Defendant City were "public employees" as defined in 745 ILCS 10/1-207.

16.     A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful or wanton conduct. 745 ILCS 10/2-202.

17.     Defendants' conduct was not willful or wanton and as such they cannot be held liable for the state law claims pleaded in the Complaint.

**Sixth Affirmative Defense**
**(745 ILCS 4-102)**

18.     Plaintiff alleges he was injured as set forth in the Complaint.

19.     That at the time of the occurrence, Defendant City was a "local public entity" as defined in 745 ILCS 10/1-206.

19

20. That at the time of the occurrence, all Defendants aside from Defendant City were "public employees" as defined in 745 ILCS 10/1-207.

21. 745 ILCS 10/4-102 provides that:

"Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals. This immunity is not waived by a contract for private security service, but cannot be transferred to any non-public entity or employee."

22. Defendant City is immune from liability.

**Seventh Affirmative Defense**
**(745 ILCS 10/4-105)**

23. Plaintiff alleges he was injured as set forth in the Complaint.

24. That at the time of the occurrence, Defendant City was a "local public entity" as defined in 745 ILCS 10/1-206.

25. That at the time of the occurrence, all Defendants aside from Defendant City were "public employees" as defined in 745 ILCS 10/1-207. 745 ILCS 10/4-105 provides that:

"Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care."

26. Defendants do not know that the Plaintiff is in need of immediate medical care.

27. Defendants conduct in relation to Plaintiff's medical care was not willful and wanton.

28. Defendants have not failed to take reasonable action to summon medical care at any

point.

29.     Therefore, Defendants cannot be held liable in relation to Count VI of Plaintiff's

Second Amended Complaint.

**Eighth Affirmative Defense**
**(745 ILCS 10/2-204)**

30.     Plaintiff alleges that he was injured as set forth in the Complaint.

31.     That at the time of the occurrence, Defendant City was a "local public entity" as

defined in 745 ILCS 10/1-206.

32.     That at the time of the occurrence, all Defendants aside from Defendant City were

"public employees" as defined in 745 ILCS 10/1-207.

33.     745 ILCS 10/2-204 provides that:

> "Except as otherwise provided by statute, a public employee, as such and acting
> within the scope of his employment, is not liable for an injury caused by the act or
> omission of another person."

34.     Defendants are immune from liability.

**Ninth Affirmative Defense**
**(745 ILCS 10/6-105)**

35.     Plaintiff alleges that he was injured as set forth in the Complaint.

36.     That at the time of the occurrence, Defendant City was a "local public entity" as

defined in 745 ILCS 10/1-206.

37.     That at the time of the occurrence, all other Defendants were "public employees"

as defined in 745 ILCS 10/1-207.

38.     745 ILCS 10/6-105 provides that:

> "Neither a local public entity nor a public employee acting within the scope of his
> employment is liable for injury caused by the failure to make a physical or mental
> examination, or to make an adequate physical or mental examination of any
> person for the purpose of determining whether such person has a disease or

physical or mental condition that would constitute a hazard to the health or safety of himself or others."

39.     Defendants are immune from liability.

## Tenth Affirmative Defense
## (745 ILCS 10/6-106)

40.     Plaintiff alleges that he was injured as set forth in the Complaint.

41.     That at the time of the occurrence, Defendant City was a "local public entity" as defined in 745 ILCS 10/1-206.

42.     That at the time of the occurrence, all other Defendants were "public employees" as defined in 745 ILCS 10/1-207.

43.     745 ILCS 10/6-106(a) provides that:

"Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addition or from failing to prescribe for mental or physical illness or addiction.

44.     Defendants are immune from liability.

## Eleventh Affirmative Defense
## (720 ILCS 5/7-5)

45.     Defendants assert that they were legally justified in using lethal force in self-defense and in the defense of other law enforcement officers and innocent bystanders. 720 ILCS 5/7-5

## Twelfth Affirmative Defense
## Self-Defense and Defense of Other

46.     Defendants assert that they were legally justified in using lethal force in self-defense and in the defense of other law enforcement officers and innocent bystanders.

Defendants Ehrke, Paul, Abonce, Goodwin, Reinbolz, Parsons and Kleinmaier, Byrd, City of DeKalb Police Department, and the City of DeKalb request that this Honorable Court

dismiss Plaintiff's Complaint, with prejudice, grant them costs, and any other relief deemed appropriate or reasonable.

## JURY DEMAND

Defendants request a jury trial.

Respectfully submitted,
**OFFICER EHRKE, OFFICER PAUL,
OFFICER ABONCE, OFFICER
GOODWIN, OFFICER REINBOLZ,
OFFICER PARSONS, DAVID BYRD, CITY
OF DEKALB POLICE DEPARTMENT
AND CITY OF DEKALB**

By:     _s/Michael J. Victor_____

Michael J. Victor
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
E-mail: mvictor@ifmklaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CARL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.:  22-CV-50299 |
| | ) | |
| J. ABONCE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically filed **Defendants' Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint with** the Clerk of Court using the CM/ECF system, and will send notification of such filing to the following registered CM/ECF participant(s)t:

Justin L. Weisberg
Joshua Lamar Harris
Robbins Dimonte, Ltd.
jweisberg@robbinsdimonte.com
jharris@robbinsdimonte.com

**OFFICER EHRKE, OFFICER PAUL, OFFICER ABONCE, OFFICER GOODWIN, OFFICER REINBOLZ, OFFICER PARSONS, DAVID BYRD, CITY OF DEKALB POLICE DEPARTMENT AND CITY OF DEKALB**

By:     *s/Michael J. Victor*

Michael J. Victor
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
E-mail: mvictor@ifmklaw.com

24