UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Carl Jones | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 3:22-cv-50299 |
| | ) | Honorable Iain D. Johnston |
| K.E. Ehrke, et al., | ) | Honorable Margaret J. Schneider |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' AND PLAINTIFF'S AGREED MOTION REQUESTING THAT THIS COURT STAY FURTHER CIVIL LITIGATION DUE TO PLAINTIFF'S ONGOING STATE COURT CRIMINAL PROCEEDINGS OR, IN THE ALTERNATIVE, TO EXTEND THE DISCOVERY DEADLINE**

NOW COME the Defendants, J. Abonce, David Byrd, City of DeKalb, K. E. Ehrke, J. Goodwin, A. J. Kleinmaier, S. N. Parsons, M. J. Paul, and Reinbolz, by and through their attorneys, IFMK Law, ltd., and Plaintiff, Carl Jones, by and through his attorneys, Buchalter, ltd., and respectfully request that this Honorable Court stay the instant civil litigation in its entirety, due to Plaintiff's ongoing, criminal proceedings in DeKalb County cases 2022CF00287 and 2022CF00288, or, in the alternative, extend the discovery deadline for this case due to Plaintiff's pending criminal cases, as elaborated upon below. In support thereof, the Parties hereby state as follows:

**I. PROCEDURAL HISTORY & INTRODUCTION**

1. Plaintiff, while *pro se,* filed his initial Complaint in this matter on August 26, 2022 **[DOC 1]**, with his first Amended Complaint (also *pro se*) filed on October 31, 2022 **[DOC 15]**

1

and his second Amended Complaint (following the appointment of counsel for Plaintiff) on January 3, 2024 **[DOC 62]**.

2. Defendants returned a Waiver of Service on November 14, 2022 **[DOC 26]** and filed Appearances, by and through counsel, on December 6, 2022 **[DOC 27]** and December 21, 2022 **[DOC 29]**. Defendants filed an Answer to Plaintiff's First Amended Complaint on January 17, 2023 **[DOC 33]** and an Answer to Plaintiff's Second Amended Complaint on January 17, 2024 **[DOC 63]**.

3. The Fact Discovery Closure Deadline for this case is presently set for August 11, 2025. **[DOC 96]**.

4. Since the filing of Defendants' Answer to Plaintiff's Second Amended Complaint **[DOC 63]**, the Parties have engaged in written discovery and Defendants have made numerous requests for Plaintiff's deposition pursuant to Rule 33 of the Federal Rules of Civil Procedure, to which Plaintiff objected, and continues to object, based upon potential prejudice imputed by his deposition testimony on the trial of two ongoing and related criminal case in State Court (DeKalb County case 2022CF00288) which arises from the same events of June 2, 2022, that are the subject of Plaintiff's claims in the present suit, and a companion case, DeKalb County case 2022CF00287 (arising from events on May 30, 2022, which were the subject of Defendant Police Officers' contact with, and arrest of, Plaintiff on June 2, 2022, such arrest being the subject of this civil action against Defendants), both of which are pending in the DeKalb County Circuit Court (the "DeKalb County Criminal Cases").

5. DeKalb County Case No. 2022CF287 involves indictments against Plaintiff for eight separate charges: Count 1-Aggravated Discharge of Firearm, Count 2- Aggravated Discharge of Firearm; Count 3-Criminal Damage to Property $500-$10,000; Count 4- Criminal Damage to Property $500-$10,000; Count 5- Possession of Firearm- FOID Expired; Count 6- Illegal possession of Ammunition-FOID violation; Count 7- Aggravated Unauthorized Use of a Weapon; Count 8- Aggravated Unauthorized Use of a Weapon. *See* **Exhibit A**.

6. DeKalb County Case No. 2022CF288 involves indictments against Plaintiff for seven separate charges: Count 1- Armed Violence- Category 1; Count 2- Aggravated Unauthorized Use of Firearm; Count 3-Criminal Damage to Government Property <$500; Count 4-Resisting Peace Officer- Injury; Count 5- Illegal Possession of Ammunition/FOID; Count 6-Possession of Firearm- FOID Expired; Count 7-Armed Violence- Category 1. *See* **Exhibit B**.

7. The DeKalb County Criminal Cases have been heard by the Court together and, most recently were heard for a combined, continued status hearing on August 5, 2025, and were continued for a subsequent status hearing on September 17, 2025. No trial date for the DeKalb County Criminal Cases has been set. See **Exhibits A, B.**

8. It is well-settled that this Honorable Court can take judicial notice of proceedings in other courts, if the proceedings have a direct relation to matters at issue. See e.g. *United States v. Hope*, 906 F.2d 254, 260 n.1 (7th Cir. 1990)(citations omitted); see also *Henson v. CSC Credit Svcs.*, 29 F.3d 280, 284 (7th Cir. 1994)(recognizing the authority of Courts to take judicial notice of state court proceedings).

3

9. The above principles further allow Courts to take judicial notice of other court records, provided they are not subject to reasonable dispute. See *General Elec. Capital Corp. v. Lease Resolution Corp.* 128 F.3d 1074, 1081 (7th Cir. 1997)(acknowledging courts taking judicial notice of the contents of Court records).

10. Accordingly, Defendants and Plaintiff respectfully request that this Honorable Court take judicial notice of the criminal proceeding styled as People of the State of Illinois v. Carl Jones, currently pending as DeKalb County Criminal Case Nos. 2022CF00287 and 2022CF00288.

## II. ARUGMENT

**A. Legal Standard.**

11. Consistent with its longstanding tradition of federalism and comity, the United States Supreme Court, in Younger v. Harris, 401 U.S. 37, 43-44, 53 (1971), re-affirmed the deeply rooted principle that absent exceptional circumstances, federal courts should not enjoin or otherwise interfere with state court proceedings. The scope of *Younger's* bar has been extended to require federal courts to stay Section 1983 monetary damage claims, while parallel criminal proceedings remain pending. *See Simpson v. Rowan*, 73 F.3d 134,137 (7th Cir. 1995)(extending *Younger* to a Section 1983 civil rights claim for damages where the alleged unconstitutional acts were the subject of a criminal prosecution).

4

12. For the reasons stated in Section I, paragraphs 4-5 *supra*, respectfully requests that this Honorable Court take judicial notice of Plaintiff's parallel criminal proceedings pending in the DeKalb County Circuit Court, and matters of record therein. See **Exhibits A,B.**

**B. This Court Should Impose a Stay of Litigation to Avoid Interfering with Plaintiff's Ongoing Criminal Prosecutions, as the Instant Civil Litigation Involves Facts and Circumstances at Issue in Plaintiff's Criminal Prosecutions.**

A stay allows the state case to go forward "without interference from its federal sibling, while enforcing the duty of federal courts 'to assume jurisdiction where jurisdiction properly exists.' *Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). In deciding whether *Younger* abstention applies, a court must determine whether the federal claim would interfere with or have a disruptive effect on the state proceedings. *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995). *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir.2010). Under the *Younger* doctrine A case is subject to a stay when monetary relief is not available to a plaintiff in his defense of criminal charges, and his civil case involves constitutional issues that may be litigated during the course of his criminal case, see *Simpson v. Rowan,* 73 F.3d 134, 138 (7th Cir.1995).

Where monetary relief is not available to a plaintiff in his defense of criminal charges, however, and because his claims may become time-barred by the time the state prosecution has concluded, the court should have stay rather than dismiss Plaintiffs' civil-rights claims *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

The above elements have been found in circumstances where a plaintiff in Federal civil action has filed an action for damages that could undermine or preclude the state's consideration of

certain issues in the plaintiff's pending criminal cases. See, e.g., *Gakuba v. O'Brien*, 711 F.3d 751 (7th Cir. 2013) (Under doctrine of *Younger* abstention, the Seventh Circuit Court of Appeals found that a stay of civil litigation was warranted as the plaintiff's pending criminal charges for aggravated sexual abuse in violation of Illinois law required the presiding district court to abstain from exercising jurisdiction over his § 1983 civil claims for damages allegedly resulting from allegedly illegal searches, seizures, and detentions, since civil claims involved constitutional issues that could be litigated during course of the plaintiff's criminal case.)

Since *Younger's* decision, federal courts have commonly and routinely applied the *Younger* doctrine to grant a stay of litigation in federal constitutional claims that involve or call into question matters at issue in ongoing state proceedings." *Fulton v. Zalatoris*, No. 07 C 5569, 2008 U.S. Dist. LEXIS 20648 at *9-10 (N.D. Ill. Mar. 12, 2008)(staying proceedings in plaintiff's false arrest case pending appeal from his conviction); *Fox v. Office of the Sheriff of Will County*, 2005 U.S. Dist. LEXIS 7980, *4-6, Case No. 04 C 7309 (N.D. Ill. April 13, 2005)(Darrah, J.).

Illinois law recognizes that an accused may defeat a charge of resisting a police officer (as is charged against Plaintiff in 2022CF288) when the accused invokes the right of self-defense, and the evidence shows that the police officer used excessive force. 720 ILCS 5/31–1, *People v. Williams*, 267 Ill.App.3d 82, 203 Ill.Dec. 831, 640 N.E.2d 981, 985 (2d Dist.1994).

A federal court's ruling on any of the civil plaintiff's constitutional claims could undermine and interfere with orders, rulings and any final judgments stemming from the state criminal court trial and appellate process. *Simpson v Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *see also Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998).

In the case at bar, in his Second Amended Complaint **[DOC 62]**, the plaintiff, Carl Jones, has made six claims against the City of DeKalb, the City of DeKalb Police Department, and City of DeKalb police defendants (Defendants Ehrke, Paul, Abonce, Goodwin, Reinbolz, Parsons, Kleinmaier, Chief David Byrd, and "John Does 1-45"[1]): Count 1 (Fourth Amendment/Civil Rights Violation- Excessive Force against Defendants Paul, Abonce, Goodwin, Parsons); Count 2 (Fourth Amendment/Civil Rights Violation- Failure to Intervene against Ehrke, Paul, Abonce, Goodwin, Reinbolz, Parsons, and Kleinmaier); Count 3 (*Monell* – Unconstitutional Policy, Custom, or Procedure against City of DeKalb, City of DeKalb Police Department, and Chief David Byrd); Count 4 (*Monell* Unconstitutional Failure to Train and Supervise against City of DeKalb, City of DeKalb Police Department, and Chief David Byrd); Count 5 (Intentional Infliction of Emotional Distress against all Defendants); and, Count 6 (Failure to Render Medical Aid and Deliberate Indifference to Medical Needs against all Defendants).

Plaintiff's claims in the present civil action may raise constitutional matters that will be at issue in his criminal case. If this civil action were to proceed, rulings with respect to Plaintiff's claims may interfere with the state criminal proceedings in DeKalb County Cases 2022CF287 and 2022CF288.

In analyzing this matter within the scope of the four *Younger* factors relevant to this Court's decision on whether abstention is warranted, the following apply.

---

[1] John Does 1-45 are identified as individuals who "were, at all times relevant… employees, agents, or otherwise of Defendant CDPD [terminated] who, in turn and at relevant times, had administrative responsibility for investigating complaints of misconduct and training employees of the CDPD as well as supervising medical personal and training of officers and deputies of the CDPD. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities. **[DOC 62]** at ¶15.

7

First, Plaintiff's State criminal proceedings (DeKalb County Cases 2022CF287 and 2022CF288) are judicial in nature and remain pending with no trial date presently set. **Exhibits A, B.**

Second, the state criminal proceedings implicate the important State interests of adjudicating violations of Illinois criminal laws as well as the conduct of the involved City of DeKalb police officers. See *Trevino v. Drew Tittle*, No. 1:09-CV-248RM, 2009 WL 3153754, *4 (N.D. Ind. Sept. 22, 2009).

Third, Plaintiff will have an opportunity in his state criminal proceedings to present the questions of whether Defendant Officers employed excessive force, failed to intervene, intentionally inflicted emotional destress, and failed to render medical aid or were deliberately indifferent to Plaintiff's medical needs and whether the City of DeKalb and Chief Byrd implemented unconstitutional policies, customs, or procedures and/or failed to train or supervise Defendant Officers.

Fourth, there are no extraordinary circumstances which would make a stay inappropriate.

The Seventh Circuit's decision in *Simpson v. Rowan* controls. In *Simpson*, the civil plaintiff sought damages in federal court for injuries caused by a warrantless search of his apartment. 73 F.3d at 138. At the same time, the civil plaintiff's criminal conviction was pending before the Illinois Supreme Court. *Id.* The *Simpson* Court assessed whether *Younger* applied and reasoned that if the civil plaintiff were to prevail on his federal damages action before the conclusion of the relevant State Supreme Court proceedings, the resulting federal judgment may undermine the state court's review of the civil plaintiff's constitutional defenses to his criminal conviction. *Simpson*, 73. F.3d at 138. Thus, *Simpson* found that "the policy against federal interference with

8

pending state proceedings would thus be frustrated as much by a damages award as it would by either an injunction or a declaratory judgment[,]" and consequently held that *Younger* applied while the civil plaintiff's criminal case worked its way through the state court criminal appeals process. *Simpson*, 73 F.3d at 138.

Similarly to *Simpson*, in the present case, Plaintiff's federal civil rights litigation alleges the unconstitutional use of force, which, like *Simpson*, involves constitutional issues that will be subject to adjudication in Plaintiff's ongoing state criminal proceedings. Thus, since a ruling on Plaintiff's civil federal constitutional claims could undermine and interfere with the state court's review and consideration of the same issues, this Honorable Court should decline jurisdiction over Plaintiff's civil lawsuit as well. *Simpson*, 73 F.3d at 138-139.

Moreover, every element required under *Younger* is present in this case. First, Plaintiff's parallel criminal prosecutions in DeKalb County Criminal Case Nos. 2022CF000287 and 2022CF000288, are unquestionably judicial in nature. Second, the People of the State of Illinois' interests in prosecuting the Dekalb County Criminal Cases to deter the alleged criminal acts charged therein and to protect the public is a well-recognized state interest; third, the Illinois Code of Criminal Procedure, Illinois Supreme Court Rules, and common law practice within the Courts of the State of Illinois provide Plaintiff the opportunity to raise constitutional issues within the parallel state court criminal proceeding – which include the alleged excessive force at issue in the instant federal civil litigation; and lastly fourth, for the reasons set forth above, a ruling on the constitutional issues at issue within Plaintiff's civil litigation, may undermine or could interfere with the state court criminal proceeding. Moreover, there are no extraordinary circumstances that justify this Court's exercise of jurisdiction.

9

Accordingly, as in *Simpson*, here, all of the *Younger* elements are present, there are no extraordinary circumstances, and Plaintiff cannot seek monetary relief in defense of his criminal action supporting a stay by this Honorable Court staying this action pending resolution of the DeKalb County Criminal Cases.

In sum, *Younger* and its progeny require Federal courts to stay a Section 1983 claim for damages, where, as here, rulings germane to the instant civil litigation – e.g.,. -the constitutionality of the use of force in effectuating Plaintiff's arrest- may preclude, undermine, or otherwise interfere with Plaintiff's pending State court criminal proceedings.

Thus, the Parties respectfully submit that principles of comity and federalism require this Honorable Court to stay Plaintiff's instant Section 1983 litigation, pending resolution of the criminal cases pending in the Circuit Court of DeKalb County as DeKalb County Case Nos 2022CF000287 and 2022CF000288

Accordingly, consistent with *Younger*, *Simpson* and their progeny, the Defendants request that this Honorable stay the litigation of this entire civil action until Plaintiff's criminal proceedings run their course. See *Simpson*, 73 F.3d at 138-139.

In the alternative, Defendants and Plaintiff request that the Court extend the applicable Discovery Deadline of August 11, 2025, to November 14, 2025.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants, J. Abonce, David Byrd, the City of DeKalb, K. E. Ehrke, J. Goodwin, A. J. Kleinmaier, S. N. Parsons, M. J. Paul, and Reinbolz, and

Plaintiff, Carl Jones, request that this Honorable Court enter an Order staying the instant civil litigation in its entirety, pending resolution of Plaintiff's criminal proceedings in Dekalb County Case Nos. 2022CF000287 and 2022CF000288, pursuant to the *Younger* doctrine; or, in the alternative that, this Honorable Court extend the Discovery Deadline for this case to November 14, 2025; and for such further relief that this Honorable Court deems just and appropriate under the circumstances.

Dated: August 11, 2025.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Justin L. Weisberg* <br> Justin L. Weisberg <br> Buchalter <br> 180 N. LaSalle Street, Ste. 3300 <br> Chicago, IL 60601 <br> jweisberg@Buchalter.com | By: */s/ Christopher R. Henson* <br> Michael J. Victor <br> Christopher R. Henson <br> Madison N. Wynes <br> IFMK Law, Ltd. <br> 650 Dundee Road, Ste. 475 <br> Northbrook, IL 60062 <br> mvictor@ifmklaw.com <br> chenson@ifmklaw.com <br> mwynes@ifmklaw.com |